## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARIA RIVERA,

             Plaintiff,

v.                                                                  Case No.

EQUIFAX INFORMATION SERVICES, LLC,

             Defendant.

## <u>COMPLAINT</u>

NOW COMES Plaintiff, MARIA RIVERA ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX" or "Defendant"):

### Nature of the Action

1.      This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2.      Plaintiff is a natural person at all times relevant residing in Worcester County, in the City of Webster, in the State of Massachusetts.

3.      At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4.      Defendant EQUIFAX is a company conducting business in the State of

Massachusetts and is headquartered in Atlanta, Georgia.

5.     Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6.     Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7.     Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8.     Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9.     At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

10.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is a corporation headquartered within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

12.     Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX regarding a credit account that she had with Department Stores National Bank ("DSNB").

13.     DSNB employed Credit Control, LLC ("Credit Control") to enter into an agreement with Plaintiff to settle Plaintiff's account with DSNB. Upon information and belief, Credit Control operated as an agent of DSNB.

14.     CRAs, EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

15.     Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

16.     Further, Furnishers are prohibited from furnishing information they know or should know is inaccurate.

17.     Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with DSNB, an inaccuracy found in the credit report published by Defendant. The following is a description of the inaccuracy and failures of Defendant to investigate and update their reporting of the account in question:

18.     On or about April 22, 2022, Plaintiff and Credit Control entered into an agreement to settle an account ending in 7827 (the "Account") for $470.91.

19.     Per the terms of the settlement agreement, Plaintiff made one (1) payment of $47.91 and eight (8) payments of $47.00, with the last and final payment on December 27, 2022, fully satisfying the settlement agreement and Account.

20.     On March 4, 2024, Plaintiff received a copy of her credit report from Defendant.

21.     To her surprise, despite Plaintiff's performance under the terms of the settlement agreement, Defendant reported the Account status as "CHARGE_OFF" with a past-due,

3

outstanding balance of $638.00 and a "CO" rating ("CO" meaning "Charge-Off" according to EQUIFAX) appearing until January 2024.

22.     Additionally, the Defendant failed to accurately report the payment history on the Account.

23.     The Defendants' failure to report the Account correctly, including their failure to report the accurate status, accurate balance, and failure to accurately report the payment history on the Account, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

24.     On April 25, 2024, Plaintiff issued a dispute by mail to Defendant regarding the incorrect information being reported on the Account.

25.     In her dispute letter, Plaintiff disputed the incorrect entry in her credit report regarding the Account status, the Account balance, the Account rating, and the inaccurate payment history on the Account. Plaintiff also included proof of the agreement between herself and Credit Control and proof of the payments made in satisfaction of the agreement.

26.     Upon information and belief, pursuant to their obligations under the FCRA, Defendant notified DSNB of Plaintiff's disputes within five days of receipt of the dispute.

27.     Further, upon information and belief, Defendant would have sent the documentation Plaintiff included in her dispute letter to DSNB, including the terms of the settlement and proof of the payments.

28.     On May 10, 2024, EQUIFAX responded to Plaintiff's dispute letter with a notice letter explaining that they were unable to locate her credit file with the information Plaintiff provided. EQUIFAX requested Plaintiff to send them information identical to what Plaintiff included in her original dispute letter, along with supporting documents, to assist them in locating her file. Plaintiff didn't believe that sending the information and documents to EQUIFAX would

help them any more than the original information sent, as the information would be identical to the information EQUIFAX already had.

29.     Despite her very specific dispute and accompanying documents supporting her dispute, the second credit report from Defendant, received by Plaintiff on July 9, 2024, reiterated the same inaccuracies.

30.     EQUIFAX continued to report the Account status as "CHARGE_OFF" with a past-due, outstanding balance of $638.00 and a "CO" rating appearing until May 2024.

31.     Additionally, Defendant failed to update the payment history on the Account to properly reflect Plaintiff's settlement payments.

32.     At the time of filing this complaint, Defendant continues to report the Account as having a balance owed, report an inaccurate status of the Account, report an inaccurate rating on the Account, and fail to report the accurate payment history.

33.     Upon information and belief, Defendant continues to report this information because they failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letters.

34.     Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, CRA's are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

35.     If Defendant had complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

36.     As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

37.     Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

38.     Because of her concern over the effects Defendants' misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

### COUNT I – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

39.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-38.

40.     After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

41.     EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

42.     As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43.     EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44.     In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

45.     Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX

6

**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

46.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-38.

47.    After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

48.    Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

49.    As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51.    In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

52.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a)    Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 06/20/2025

Respectfully submitted,

*/s/* Mark A. Carey
Mark A. Carey, Esq
**Law Offices of Mark A. Carey, P.C**.
500 Roswell Rd.,Ste,Bldg C
Sandy Springs, GA 30342
E: markcareylaw@ymail.com
P: (716) 853-9243

**Attorneys for Plaintiff,
MARIA RIVERA**